Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with costs.

---

WILLIAM S. O'BRIEN, Executor, and FRELOVE E. O'BRIEN, Executrix, etc., of PETER T. O'BRIEN, Deceased, Respondents, *v.* PETER R. WEILER, an Executor, etc., of PETER T. O'BRIEN, Deceased, and the said PETER R. WEILER, as Administrator, etc., of SARAH E. WEILER, Deceased.

*Savings bank account — in the name of a father as guardian of his daughter — competency of a witness, under section 829 of the Code of Civil Procedure — release by a legatee of his interest in the money in dispute — declarations by an attorney.*

A father made a gift to his daughter, by opening a savings bank account in his name as guardian of his daughter, in which the deposit accumulated for several years, at the end of which time the father invested money of his own, equal to the amount of the account at that time, in certain bonds, and delivered them to

his daughter in lieu of the bank account, and they were so accepted by her; the bank account continued, and the father and daughter having died, their respective representatives claimed the money standing to the credit of the account.

*Held*, that the father's estate was entitled to the money.

A legatee may become a competent witness, under section 829 of the Code. of Civil Procedure, to testify to transactions or communications with his testator, in an action brought simply to collect a debt due to the testator's estate, by releasing all his claim and interest in and to the money involved in the action.

A witness who, by giving such a release, has ceased to be interested in the event of the litigation, becomes as competent a witness for all purposes as though he never had any interest whatever, under the testator's will, in the particular money involved in the action.

The fact that an attorney had been employed by a testator to draw certain papers does not import an employment for the purpose of making declarations in respect to the testator's property, and a party seeking to introduce such declarations must first establish by evidence that the attorney was authorized to make such declarations for his client.

APPEAL by the defendant, Peter R. Weiler, an executor of Peter T. O'Brien, deceased, and the administrator of Sarah E. Weiler, deceased, from a judgment of the Supreme Court in favor of the plaintiffs, rendered on a trial at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 21st day of December, 1892.

The action was originally brought by the plaintiffs, William S. O'Brien and Frelove E. O'Brien, an executor and the executrix of the will of Peter T. O'Brien, deceased, against the Citizens' Savings Bank of the city of New York, to recover the sum of $3,076.73, which the plaintiffs claimed was on deposit in that bank to the credit of their testator at the time of his death.

Peter R. Weiler, who was a son-in-law of said Peter T. O'Brien and also one of his executors, refused to join with the plaintiffs, because he claimed the said money, which was actually on deposit to the credit of "Peter T. O'Brien, guardian of Sarah E. O'Brien," as administrator of his deceased wife, who was the said Sarah E. O'Brien and daughter of the said Peter T. O'Brien. By order of the court, Weiler was brought in as defendant, the action being really to determine the ownership of said moneys, and the bank was stricken out as a defendant and ordered to hold the account to the credit of the action.

Other facts appear from the opinion of the trial judge (INGRA-HAM, J.) at Special Term, which is as follows:

"It appears in this case that Peter T. O'Brien, the plaintiff's testator, opened an account on January 3, 1871, in the Citizens' Savings Bank, by depositing $2,500. The account was opened in the name of Peter T. O'Brien as guardian for Elizabeth O'Brien, which appears to have been subsequently changed to the full name of his daughter who was the beneficiary, viz., Sarah E. O'Brien.

"Under the authorities in this State such a deposit was undoubtedly a declaration of trust whereby Peter T. O'Brien became trustee for his daughter for the sum deposited, and such a deposit was a valid gift which vested the title in himself as such guardian or trustee, and upon his death, or upon his daughter's arriving at the age of twenty-one she would be entitled to the money so deposited, and all subsequent deposits in the same account, whether interest or new deposits, also vested in plaintiff's testator as the guardian or trustee for his daughter, and became her property.

"This principle is firmly established in this State, and it is not necessary to cite authorities to sustain it.

"The sole question is whether or not the plaintiff's testator accounted to his daughter for the amount that he held as her guardian or trustee.

"A consideration of the testimony, I think, establishes that the plaintiff has established by a preponderance of evidence that there was such an accounting, and an investment of the amount so deposited, and which was on deposit in the bank, in the Second Avenue Railroad Company bonds, and that they were delivered to his daughter.

"It appears that in January, 1881, plaintiff's testator purchased three one-thousand-dollar Second Avenue railroad bonds, for which he paid over $3,200, and that said bonds were delivered to his daughter with a statement that they were the proceeds of the money in the savings bank.

"That fact is proved by the testimony of the plaintiff's testator's widow, and, so far as she testified to conversations between her husband and her daughter in which the witness took no part, I think that the testimony is competent.

"Her evidence proves that it was the sum of money deposited

in the savings bank that plaintiff's testator had assumed to invest in the bonds, and that the bonds were delivered to and accepted by his daughter.

" By the deposit of the money in the savings bank, plaintiff's testator did not surrender control over the money. It was in his possession as guardian or trustee for his daughter, and as such guardian or trustee he retained the evidence of the indebtedness of the savings bank for the money. That that act was not inconsistent with the intention to give the money to the daughter is well settled, but on its appearing that that ·money still in his possession and under his control had been invested by him in securities that had been delivered to the beneficiary as all the money in the savings bank to her credit, and she accepted them as·such, his obligation to her was at an end, and the money, although standing in his name as trustee or guardian, was his own.

" There was a question reserved as to some declarations of the daughter made to the plaintiff's testator's widow. On consideration, I have come to the conclusion that the widow is not competent to testify as to such declarations as were made directly to her as against the defendant, who is the daughter's administrator, and such declarations consequently must be stricken out.

" I think, therefore, plaintiff is entitled to judgment, but under the circumstances, without costs."

*Jno. D. Townsend,* for the appellant.

*Abram Kling,* for the respondent.

VAN BRUNT, P. J.:

We might very well rest our decision in the affirmance of the judgment in this case upon the opinion of the court below.

But as certain exceptions to the admission of evidence have been taken, it will be necessary to notice these in the disposition of this appeal.

It is claimed that it was error to permit the widow of the testator to testify to conversations between her husband and the deceased daughter regarding the ownership of the property which is the subject of this action, it being claimed that under section 829 of the Code of Civil Procedure she was excluded from testifying. The widow was entitled under the will of her husband to the income of

his estate, real and personal, during her life, and at her death her associate plaintiff succeeds to her interest. It appeared, however, upon the trial, that the witness, for the purpose of becoming such witness, had executed a release, whereby she released and discharged the estate of and from all interest or claim she might have to the moneys involved in this action, or the income thereof; and upon the introduction of such release the testimony of the witness was received.

It is claimed that because the witness did not release all her interest in the estate, or which she might acquire under the will, therefore she was not competent. It is undoubtedly true that a legatee or devisee under a will is incompetent to testify to personal transactions or communications with the deceased preceding, attending or succeeding the execution of the will, in support of which proposition various authorities may be cited. But it is equally true that a party may become competent by releasing his interest in the subject-matter involved; and, therefore, when the witness released and discharged the estate of and from all interest or claim she might have in and to the moneys involved in this action, she was no longer a party or person interested in the event of the action, and consequently did not come within the prohibition of section 829. All the cases cited by the learned counsel for the appellant in support of the claim that there must be a release of all interest under the will in order to enable a legatee or person interested in the will to become a competent witness as to personal transactions or communications between the witness and the testator, were those relating to the validity of the will itself, and consequently, without such a general release, interest still remained. Those cases, therefore, are entirely different from one in which it is simply sought to collect a debt due to the estate; and, as already observed, where the legatee under the will releases all his interest in or claim to such debt or any income derivable therefrom, it is apparent that all interest in the event of the litigation has ceased, and the witness has become competent. The mere fact that such release swells the interest of other legatees, does not in any way continue the interest of the witness who has released the same.

The claim that there was no evidence to sustain the finding of the court below to the effect that the testator advanced out of his own money the sum invested for the use of his daughter in the

purchase of the Second Avenue railroad bonds, and that his daughter received the same as the equivalent of her money deposited in the bank, is certainly not well taken. The evidence of the widow was clearly to the effect that the daughter acccepted the bonds purchased by her husband in lieu of the money deposited in the bank; and even if the books of the bank showed that no money had been taken from the bank at the time, but that the interest continued to accumulate until the death of the testator, it was a substitution of the bonds for the money, by and with the consent of the beneficiary.

The claim that it was error so permit the widow as the mother of the deceased daughter, to testify to conversations she claimed to have had with her, not in the presence of the testator, in regard to the property which is the subject of this action, does not seem to have any foundation. It is claimed that the release given and put in evidence was not applicable to the daughter, and, therefore, did not make her mother a competent witness. The question was not whether it was applicable to the daughter or not. The point was that by the giving of the release the widow had ceased to be interested in the event of the litigation, and, therefore, she was just as competent a witness as though she never had any interest whatever in this particular money under the will of her husband.

The claim as to the right of proving the custom of the bank when they struck out the name of a party in a pass book was entirely immaterial. The witness was asked as to the facts, and he testified that the striking out of the name in the pass book he did not think had been done at the bank, and the defendant had the benefit of this evidence, and it seems to us that that was going as far as the rules of evidence could possibly justify. What this bank was accustomed to do under these particular circumstances clearly could not be evidence as against the deceased.

The only other objection was to the exclusion of certain evidence as to declarations made by an attorney, who drew certain papers for the deceased, shortly after the execution of those papers. It is true that in the question the witness was asked whether he did not have such conversation with the attorney as the representative of the deceased, and when the witness said that he did have such conversation, he was asked what it was. This was objected to and the objection sustained. But it is clear that an attorney who was

employed by the testator to draw papers was not also employed by him for the purpose of making declarations in respect to his property. If it was claimed upon the part of the defendant that such declarations were competent, it certainly was their duty to first establish by evidence the fact that the attorney was authorized to make such declarations on behalf of his client before the court would be justified in entertaining for a moment the admission of such testimony.

Upon the whole case we are of opinion that no errors were committed and that the judgment should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.