KEZIA HARRINGTON, Appellant, *v.* MYRNA SCHILLER, Appellant, and CHARLES A. WHITE, as Administrator of the Estate of ADDIE N. SCHILLER, Deceased, et al., Respondents.

**Trust — real property — evidence — when courts will establish and enforce a parol trust in real property and the proceeds thereof — testimony as to conversation of deceased not objectionable under section 829 of Code of Civil Procedure where it would destroy rather than promote interests of proposed witness — when .not objectionable on ground that plaintiff was a grantee deriving her title from witness.**

1. Where the relation between a mother and her daughter is shown to be one of confidence and trust not only as a natural presumption but by evidence, and it is claimed, in an action by the mother, that a conveyance of real estate situate in this state was made to her daughter because the mother was residing in a distant state and the conveyance would enable the daughter with greater convenience to market the property, which was in part done, the courts will not permit the daughter to default in her promise and refuse to do as she had agreed, but will establish and enforce the parol trust.

2. Where in an action to establish a trust in real property transferred by the plaintiff to her deceased daughter and in the proceeds thereof, a daughter of the deceased, a party to the action, is offered as a witness on behalf of the plaintiff for the purpose of proving conversations between the deceased and a real estate broker which it is claimed would have tended to support plaintiff's theory of a trust, her testimony is not objectionable under section 829 of the Code of Civil Procedure on the theory that she was a party or person interested in the event of the litigation and thus her testimony, prohibited as against the administrator and heir „of the deceased daughter, where it appears that the testimony offered would destroy rather than promote the interests of the proposed witness. The prohibition can only rest successfully on the circumstance that the proposed witness has a financial interest in the event of the litigation which would be supported and forwarded by the testimony which she proposed to give so that if permitted to give it she would be testifying in her own behalf.

3. A contention that various circumstances found by the court indicate an intent upon the part of plaintiff and the witness to exclude the latter's sister from her just share of her mother's estate

and then to divide between them the fruits of this plan does not warrant the rejection of the offered testimony. The burden rests upon him who objects to evidence to point out its incompetency, and in passing upon such objection courts must be governed by the legal effect of facts and circumstances as they are disclosed by the record.

4. Nor is the testimony objectionable, under section 829 of the Code, on the ground that plaintiff was turned into a grantee deriving her title to the real estate from the witness by reason of a circle of conveyances commencing with plaintiff after her daughter's death and turning back to her through a third party and the witness, where the latter's conveyance to the plaintiff was not in the line of title running from the deceased to said plaintiff, was not any basis for or assignment of the claim which plaintiff was asserting against the deceased but was a quit claim deed relating back to the deed from plaintiff which was a warranty deed making the said plaintiff in the end responsible for the title under her covenant of warranty. Plaintiff did not by virtue of her conveyance become either legally and directly or morally and indirectly bound to maintain plaintiff's claim or a partisan witness in respect thereof. (*Abbott* v. *Doughan*, 204 N. Y. 223, 226, followed.)

*Harrington* v. *Schiller*, 190 App. Div. 892, reversed.

(Argued May 5, 1921; decided May 31, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 9, 1919, affirming a judgment in favor of defendants, respondents, entered upon a decision of the court on trial at an Equity Term.

*Lawrence P. Hancock, B. Frank Dake* and *Edward L. Jellinek* for appellants. The trial court erroneously excluded the testimony of the defendant Myrna Schiller of conversations between Addie N. Schiller and Calvin Forbes, when the plaintiff executed the deed of the farm, dated January 19, 1909, to Addie N. Schiller. (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Whitehead* v. *Smith*, 81 N. Y. 151; *Carpenter* v. *Soule*, 88 N. Y. 251; *Albany County Sav. Bank* v. *McCarty*, 149 N. Y. 71, 84; *Matter of Potter*, 161 N. Y. 84; *Matter of Hedges*, 57 App. Div. 48; *Farrar* v. *F. L. & T. Co.*, 85 App. Div. 367; *Clark*

*v. McNeil,* 114 N. Y. 287; *Hoag v. Wright,* 174 N. Y. 36; *Franklin v. Kidd,* 219 N. Y. 409.)

*Charles M. Harrington* for Charles A. White, as administrator, respondent. The defendant Myrna Schiller is virtually a co-plaintiff in this action, is an interested witness, and is incompetent to testify on behalf of plaintiff. (*O'Brien v. Weiler,* 140 N. Y. 281; *Brown v. Crossman,* 206 N. Y. 471; *Bennett v. Bennett,* 50 App. Div. 130; *Griswold v. Hart,* 205 N. Y. 384; *Matter of Dunham,* 121 N. Y. 575; *Richardson v. Emmett,* 170 N. Y. 412; *Jones v. Reilly,* 174 N. Y. 97; *Hoag v. Wright,* 174 N. Y. 36; *Madgeburg v. Dry Dock Savings Inst.,* 147 App. Div. 652; *Wilson v. Kane,* 180 App. Div. 77.)

*Edward W. Hamilton* for Gladys R. Matheson, respondent. The trial court did not err in excluding the testimony of the defendant Myrna Schiller of conversations between Addie N. Schiller and Calvin Forbes, when the plaintiff executed the deed of January 19, 1909, to Addie N. Schiller. (*Hill v. Warsawski,* 93 App. Div. 198; *McCartney v. Titsworth,* 119 App. Div. 547; *Apgar v. Connell,* 160 App. Div. 743; *Sturtevant v. Sturtevant,* 20 N. Y. 39; *Levy v. Brush,* 45 N. Y. 589; *Wheeler v. Reynolds,* 66 N. Y. 227; *Fagan v. McDonnell,* 115 App. Div. 89; 191 N. Y. 515; *Young v. Young,* 80 N. Y. 422.)

HISCOCK, Ch. J. The questions presented for our consideration upon this appeal arise in a family controversy concerning the title to and ownership of real estate and the proceeds derived from a sale of part of such real estate. The plaintiff, an aged woman, is the grandmother; Addie Schiller, now deceased, was her daughter; the defendants Myrna Schiller and Gladys Ruth Matheson are daughters of the latter.

Originally the plaintiff held the title to and was the owner of certain real estate. For some reason not clearly disclosed as to the earlier conveyances these premises

were conveyed back and forth between her and her daughter Addie until finally the conveyance under consideration here was made whereby the title and apparent ownership were lodged in the latter and there remained until her death. Intervening such conveyance and her death she had conveyed a portion of the premises, receiving in return $5,000 in cash and a purchase-money mortgage for $4,000, and developing a claim for $1,700 against the vendee. When she died she left an executed deed of the remainder of the premises running to the plaintiff, a check for $3,000 of the aforesaid proceeds to the order of her daughter Myrna, and another check, undated, to the order of plaintiff for the balance of her bank account. Subsequently, and passing for the moment the question whether there had been a sufficient delivery of these instruments before Addie's death, plaintiff caused said deed to be placed on record and the check for $3,000 was cashed and the proceeds thereof placed to the credit of the granddaughter Myrna and the plaintiff. The claim for $1,700 was assigned by the former as administratrix, etc., to herself and plaintiff and suit brought thereon which is now pending. The mortgage for $4,000 was collected and substantially all of the proceeds divided between the two granddaughters.

Thereafter plaintiff made the claim set forth in her complaint in this action that the last conveyance of the real estate in question by her to her daughter Addie was as a matter of convenience and under a parol arrangement with the latter whereby she was to hold the same in trust for the plaintiff and account to her for the proceeds of any portion of it which might be sold, and this action was brought in effect to have such trust declared and to have it adjudged that plaintiff was the real owner of such real estate as remained in Addie's name at the time of her death and to compel the defendants, including the representative of Addie, to account for the proceeds arising from the sale of real estate.

The granddaughter Gladys by her answer not only denied the allegations of the complaint, setting forth the trust, but also attacked the effectiveness of the deed left by her mother running to the plaintiff and of the checks left by her running to the plaintiff and Myrna on the ground that they had never been delivered, and also the assignment of the claim for $1,700. The defendant White, as administrator, etc., of Addie by his answer raised substantially the same issues and between them these defendants sought judgment defeating plaintiff's claim of a trust as to the real estate, adjudging that the deed and checks signed by Addie were never delivered and requiring plaintiff and defendant Myrna to account for the proceeds of the $3,000 check, and for the assigned claim of $1,700. No one questioned the distribution of the proceeds of the $4,000 mortgage and it drops out of consideration.

Various questions which originally may have existed in regard to the exact issues properly presented by Gladys' answer not only as between herself and plaintiff, but also between her and her co-defendants, were eliminated from the case because by consent the parties entered upon the litigation of all the questions which were set forth in the various pleadings. There were, therefore, two fundamental issues presented for the consideration of the trial judge. The first was the one involving plaintiff's claim of a trust affecting the real estate conveyed to her daughter and to some extent the proceeds of so much of the real estate as had been sold by the latter. The second was the one whether a delivery had ever been made by Addie of the deed running to plaintiff and of the checks which she had executed.

So far as concerns the latter we shall content ourselves with simply stating that in our opinion on the record as now made up it was a question of fact whether these instruments were so delivered and that it cannot be said that the findings of the trial judge that they never

were delivered, but were executed with the idea of effecting in that manner a testamentary disposition of Addie's property upon her death, were unsupported by evidence.

There was also evidence both tending to support and contradict plaintiff's theory of a trust and which theory if sustained made her rights independent of the aforesaid deed and checks, and it was in the trial of this issue that error was committed in the exclusion of evidence which was so serious in our judgment as to call for a new trial.

In connection with other evidence plaintiff offered as a witness her granddaughter, the defendant Myrna, for the purpose of proving conversations between the latter's mother and a real estate broker which it is claimed would have tended to support plaintiff's theory of a trust. While the extent and decisiveness of this evidence is not very clearly outlined by what took place at the time it was offered, it seems to be assumed by all the parties that the evidence would have been important · if competent and admitted. It was excluded by the trial judge in response to a ruling of the Appellate Division on a prior appeal that the evidence was incompetent under section 829 of the Code of Civil Procedure, and also upon the further ground that plaintiff's theory of a parol trust could not be sustained, and that, therefore, the testimony was inadmissible. We proceed to the consideration of this ruling.

In our judgment a trust such as is claimed by plaintiff and outlined in her complaint would be enforced by a court of equity. The relation between her and her daughter was shown to be one of confidence and trust not only as a natural presumption, but by the evidence which appears in the record. The plaintiff at the time of the conveyance was quite advanced in years and her daughter appears to have been a woman of more than ordinary business capacity and energy upon whose advice and promises the older woman might well rely. It is the claim that under these conditions the conveyance

of this real estate situate in New York state was made by plaintiff because she was residing in a distant state and the conveyance would enable the daughter with greater convenience to market the property as it was intended to do and as a matter of fact was to a considerable extent done. Under circumstances thus outlined, if established, it is quite clear that the courts would not permit the daughter to default in her promise and refuse to do as she had agreed to, but would establish and enforce a trust. (*Wood* v. *Rabe*, 96 N. Y. 414; *Ahrens* v. *Jones*, 169 N. Y. 555.)

Therefore, we reach consideration of the other proposition thus far maintained that the witness was incompetent under section 829 to give the evidence sought for, and in connection with such consideration it will be desirable to state certain additional facts which are made the basis in part for the claim that such evidence was incompetent.

After the alleged delivery of her daughter's deed to her, plaintiff executed a warranty deed of the premises to one Walters who in turn conveyed the same to plaintiff and the proposed witness, Myrna, as joint tenants and the latter before she was offered as a witness quitclaimed her interest in the premises back to plaintiff. Likewise after the collection of the $3,000 check made by the dead woman, Myrna, the payee in said check, deposited the proceeds thereof to the joint credit of herself and plaintiff where they were at the time of the trial and as administratrix she assigned to herself and plaintiff the claim for $1,700. These facts are relied on by respondent as establishing the claim hereafter discussed that Myrna was the grantor or assignor of plaintiff and incompetent under section 829. It is also to be kept in mind that plaintiff's claims under her theory of a trust and under the deed executed by her daughter are entirely separate and distinct and that a witness might give evidence tending to support the former, as Myrna was called upon

to do, which would not in any manner relate to the delivery of the deed and check.

We have reached the conclusion that Myrna was not within the meaning of section 829 " a party or person interested in the event, (of the litigation) or a person from, through or under whom such a party (plaintiff)   *   *   * derives her (his) interest or title by assignment or otherwise " and whose proffered testimony if received would have been in her " own behalf or interest " or in behalf of plaintiff as a " party succeeding to her (his) title or interest," and thus prohibited as against the respondents, as administrator, etc., and heir respectively of the dead woman. The evidence of Myrna on behalf of plaintiff was not prohibited merely because she was a party or because she had an interest in the decision of the litigation. The prohibition in this case could only rest successfully on the circumstance that she had a financial interest in the event of the litigation which would be supported and forwarded by the testimony which she proposed to give, so that if permitted to give it she would be testifying in her own behalf or interest. Prohibition of evidence cannot be predicated upon a character thereof which destroys rather than promotes the interests of him who gives it. (*Matter of Kindberg*, 207 N. Y. 220, 226; *Albany Co. Sav. Bank* v. *McCarty*, 149 N. Y. 71, 84; *Carpenter* v. *Soule*, 88 N. Y. 251, 258; *Matter of Lasak*, 131 N. Y. 624.)

The evidence which the witness proposed to give was of the latter character. By her quitclaim deed she had stripped herself of any interest which she might otherwise have had in the establishment of her mother's claim. (*O'Brien* v. *Weiler*, 68 Hun, 64, 68; affd., 140 N. Y. 281; *Squire* v. *Greene*, 62 N. Y. Supp. 48; affd., 168 N. Y. 659; *Loder* v. *Whelpley*, 111 N. Y. 239.)

If her evidence was effective it would have established that plaintiff was the beneficiary of a trust which entitled her to all of the real estate of which her daughter died the

apparent owner. If no such trust existed, leaving out of account the alleged deed of which we have already disposed for the purposes of this appeal, the witness as heir of her mother possibly was entitled to one-half of said premises subject to the life interest of plaintiff. The premises in which she was then destroying her interest are found by the referee to have been worth $20,000 and there was no counter-balancing benefit to be secured from the event of litigation supported by her testimony. On the contrary, the effect, if any, of the successful establishment of plaintiff's trust theory naturally and logically would be to destroy or impair the rights of the witness in the $1,700 claim and in the proceeds of the $3,000 check as being derived from the real estate which plaintiff was claiming. As a matter of fact, however, under the pleadings and claims of the parties those items do not seem to be comprehended within the scope of the present question.

It is urged by respondents with much vigor that various circumstances found by the court indicate an intent upon the part of plaintiff and the witness to exclude the defendant Gladys from her just share of her mother's estate and then to divide between them the fruits of this plan. This may be so and the witness may hope as a matter of favor of the plaintiff or of some undisclosed understanding to turn what may look like an unfavorable event of the litigation into a profitable one. But of course it is too well settled to permit of debate that the burden rests upon him who objects to evidence to point out its incompetency and that in passing upon such objection courts must be governed by the legal effect of facts and circumstances as they are disclosed by the record.

We then come to the consideration of the other provision of section 829 which in effect prohibits an assignor or grantor from testifying in the behalf and interest of one who derives title through him. It is urged that

plaintiff is making a claim as assignee or grantee of Myrna to an interest in the $1,700 claim, in the proceeds of the $3,000 check and in the real estate, which will be supported by the proposed evidence. This contention is easily disposed of so far as the first two items are concerned. Plaintiff makes no claim in the $1,700 item as assignee of the witness. Her claim to that item if any is based upon her right to the real estate and its issues and profits and is antagonistic rather than otherwise to the assignment by the witness as administrator. Likewise she makes no claim in her complaint to the proceeds of the $3,000 check but expressly alleges that it was paid to the witness with her consent and approval. The evidence sought from the witness had no bearing upon the execution and delivery of this check and plaintiff by her complaint made no claim thereunder. The evidence would not have been in any manner for the benefit of plaintiff as claiming the proceeds of the check through the witness. Whatever effect it had would have been to establish a right to these assets independent of the assignments or transfers.

The question perhaps is a closer one whether plaintiff was turned into a grantee deriving her title to the real estate from the witness by reason of the circle of conveyances commencing with plaintiff after her daughter's death and turning back to her through Walters and the witness. But if it should be assumed that within the strict letter of the Code this placed the witness in the position at the time of the trial of proposing to give evidence in behalf of one deriving title through her, we do not think that under the theory of plaintiff's complaint she came within the spirit and intent of the Code so that her testimony was incompetent.

Her conveyance to plaintiff was not in the line of title running from the dead woman to the latter. It was not any basis for or assignment of the claim which plaintiff was asserting against the dead woman. It was subse-

quent to the time when her rights as against the latter had accrued and become perfected if at all. Her deed to plaintiff was a quitclaim and it related back to the deed from plaintiff which was a warranty deed. If plaintiff had any claim against the witness because of the latter's conveyance she was herself the one who in the end would be responsible for the title under her covenant of warranty.

The whole proceeding so far as the present litigation is concerned was a futile journey in a circle which brought the parties back to the starting point and resulted in no change of plaintiff's situation. The witness gave back to plaintiff whatever she had obtained by the latter's conveyance of her rights under her trust claim. She did not in any real sense become the source of title which plaintiff under her theory claimed from the dead woman. She did not by virtue of her conveyance become either legally and directly or morally and indirectly bound to maintain plaintiff's claim or a partisan witness in respect thereof.

As affecting the competency of the evidence the situation seems to be governed by our decision in *Abbott* v. *Doughan* (204 N. Y. 223, 226) where it was written: " In construing the language last quoted (that clause of section 829 now under consideration) we should keep in mind the fundamental purpose of section 829. This, of course, was to prevent a person who was or who might be assumed to be a partisan witness from giving his version of a transaction with another who was deceased and could not speak. In effectuating this purpose the Code * * * included a person under whom as assignor or otherwise a party * * * derived his interest or title, and which assignor would be morally and indirectly, if not legally and directly, interested in maintaining the validity and integrity of the assignment, and, therefore, to that extent would be a biased witness."

Therefore, we think that the trial court committed

error in excluding this evidence as its nature is outlined by the present record.

The appellants also argue that certain evidence of declarations made by Addie Schiller while she was the apparent owner of the premises in question was incompetent. Much of the evidence which was admitted was too immaterial to be harmful; some of it apparently was competent and some incompetent. We doubt whether the objection of incompetency was at all times effectively taken and there is dispute between counsel as to the purpose for which the evidence was offered. Inasmuch as none of the questions in respect of this evidence may arise upon another trial we shall not attempt to discuss it, reserving our rulings for such questions as may be actually presented upon another trial, if any.

In accordance with the views which have been expressed a new trial should be granted to plaintiff. We think also that the judgment must be reversed and a new trial granted in favor of the defendant Myrna Schiller. Apparently she has raised the same questions as the plaintiff and under her answer would be permitted to take, indeed is accused by the respondents of taking, a position in harmony with plaintiff's claim. While plaintiff's claim is primarily and especially directed to the ownership of the real estate, as we have indicated, it is possible that if sustained it might affect title to the proceeds of the $3,000 check and the ownership of the claim for $1,700, and might be a defense to the claim now made and sustained in behalf of the respondent Gladys Ruth Matheson and the administrator of Addie against Myrna for the proceeds and ownership of said check and claim. Under these circumstances it seems proper to reverse the judgment as a whole and grant a new trial, with costs to abide event.

CHASE, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., not voting.

Judgments reversed, etc.