## METROPOLITAN LIFE INS. CO. v. ENGLISH et al.

### (District Court, N. D. New York. July 25, 1923.)

1. **Courts ⇐349—Law of forum as to competency of testimony enforced, though contract executed in another state.**

   In an action in New York on an insurance policy executed in Connecticut, under Rev. St. § 858 (Comp. St. § 1464), providing that a witness' competency to testify shall be determined by the law of the state in which the court is held, the provision of the New York laws making testimony of a conversation between a deceased and a party incompetent will be enforced, regardless of the law of Connecticut relating to such testimony.

2. **Gifts ⇐49(1)—Oral testimony that insured intentionally made gift of policy must be clear and convincing.**

   Where there is no change of beneficiary or assignment of a policy, oral testimony that insured intentionally made a gift of the policy must be clear and convincing.

3. **Gifts ⇐47(1)—Party claiming gift has burden of proof.**

   Where there is no change of beneficiary or assignment of the policy, the party claiming a gift of the policy has the burden of proof.

4. **Gifts ⇐49(1)—Evidence of possession of policy and insured's promise to will it to claimant held insufficient to establish gift.**

   Evidence that insured boarded with claimant and she had access to all his things, and he had promised to will her a policy made payable to his estate and of which she had possession, *held* not to establish a gift of the policy.

In Equity. Bill of interpleader by the Metropolitan Life Insurance Company against Everett S. English, as administrator of the goods, chattels, and credits of Jesse Taylor English, deceased, and Florence Joyner. Judgment in favor of the administrator.

Herbert Van Kirk, of Greenwich, N. Y., for defendant English.
John J. Dwyer, of Hartford, Conn., for defendant Joyner.

⇐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COOPER, District Judge. Each defendant claimant having brought an action on the policy in suit, the plaintiff insurance company filed this bill of interpleader under the statute, to bring both claimants into one court to determine the ownership of the proceeds of the policy in suit.

The policy was one of life insurance, and was taken out by the decedent, Jesse Taylor English, at Hartford, Conn., the 3d day of November, 1920, for the sum of $1,000. By its terms the policy was made payable to his estate. The policy contained the usual provision reserving to the insured the right to assign the policy, provided, of course, he filed written notice thereof at the home office of the company, accompanied by the policy, for suitable indorsement. No change of beneficiary and no assignment was made.

The insured died intestate on the 18th day of January, 1921, while on a visit to his home in the town of Easton, Washington county, N. Y. Thereafter, and on the 24th day of January, 1921, letters of administration were duly issued and granted to the defendant Everett S. English, the father of the decedent, who is one of the two claimants here. The decedent's wife, from whom he was apparently estranged, waived her right to letters of administration in favor of his father. The defendant Florence Joyner also claims to be entitled to the proceeds of the policy by reason of an alleged gift of the policy to her by the deceased during his lifetime.

[1] Upon the trial the defendant English objected to testimony by the defendant Joyner of conversations and transactions with the deceased, on the ground that they were incompetent. Decision was reserved. Section 858 of the Revised Statutes of the United States (Comp. St. 1464) provides as follows:

"The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States, shall be determined by the laws of the state or territory in which the court is held."

The provisions of the laws of New York made such testimony incompetent. So the testimony of the defendant Joyner must be excluded as to conversations or transactions with the deceased, regardless of the provisions, or lack of them, of the laws of Connecticut relating to such testimony. See, also, Rowland v. Biesecker (C. C.) 181 Fed. 128; Updyke v. Mace (D. C.) 194 Fed. 1001.

Upon the face of the policy, the defendant English, as administrator, is entitled to judgment for the amount of the policy, payable by its terms to the estate of the deceased; no question of liability being raised by the company.

[2, 3] The claim of the defendant Joyner that she is entitled to the proceeds of the policy because of a claimed gift of the policy and its proceeds to her by the decedent, resting as it does on no change of beneficiary or assignment of the policy, but wholly upon oral testimony, must be established by clear and convincing evidence that the deceased actually intended to, and did, make a completed gift of the policy to her during his lifetime. The burden must rest on this defendant to establish such completed gift.

[4] Eliminating the incompetent testimony of the defendant Joy-

ner, we have only the testimony of the witness Quinlan, the agent of the insurance company, as to the transactions between the defendant Joyner and the deceased; the testimony of the defendant Joyner being competent only as to the conversations and transactions after death with the defendant administrator, English. Quinlan's testimony as to what happened when the application was made, and terms of the policy determined upon, is as follows:

"* * * * I asked him who was to receive the proceeds in the event of his death, and he said, 'Mrs. Florence Joyner.' Mrs. Florence Joyner said that— she says, 'No, Jess;' she says, 'You make this to your own people.' So, I suggested, 'Why not make it to your estate?' Mr. English said he did not care to make it to his people. 'Well,' I said, 'why not make it to your estate, and if you wish to make any disposition of it afterwards, of course, you can do so by will,' and he agreed to that, and the application was written and the policy issued to his estate as beneficiary.

"Q. Was the application given you at the time? A. Yes."

Testifying as to the transactions and conversations at the delivery of the policy a few weeks later, Quinlan said:

"Q. What, if anything, did Mr. English say? A. Mr. English took the policy and hands it over to Florence Joyner, and he said, 'Florence, this is yours. You keep it.'

"Q. Is that all? A. That is all."

This scarcely can be said to constitute a gift, as at best it merely meant that English would will the proceeds to the defendant Joyner at some future time. It is exactly as if he said "This *will* be yours."

The only other competent testimony left to substantiate the claim of Florence Joyner is that the policy was in her hands after the death of English. This might have a great deal of weight, if it were not for the fact that the deceased boarded with the claimant Joyner, from the receipt of the policy until his death, and left his belongings with her when he went home on the visit from which he never returned. There is some conflict of testimony as to whether or not the witness Joyner took the policy from her son's room, or from the room formerly occupied by the deceased; she testifying she took it from her son's room, and the administrator testifying that when he went for the policy she told him she had obtained it from the room formerly occupied by the decedent. It clearly appears by the record that she had at all times after his death access to all his things. The bare possession under such circumstances is not of much significance.

That the claimant Joyner knew she had not obtained any right to the proceeds of this policy on the life of the decedent is evident from a letter written by her to the decedent's aunt, the sister of the administrator, after the return of the latter from the claimant Joyner's home in Hartford, with the insurance policy in suit in his possession. In this letter, which defendant Joyner admits writing, she said:

"I suppose he [administrator English] told you about the insurance policy. Now, Miss English, Jess wanted me to have it, but at the time I was not sure that I would marry him, so I told him to make it out to you; but Mr. Quigley [Quinlan] told him to make it out to his estate, and then, if we got married, it would be mine anyway. But he [decedent] didn't want it that way, so I promised him that when he proved to me that he did not have a wife, I would have my name on it. That was to be done when he paid the next

premium. His father has promised me some of it if I would give him the policy, but I would have given it up as I don't want what don't belong to me, but he wanted me to have it."

The claimant Joyner has therefore failed to establish her case by clear and convincing evidence, and must fail. The administrator, representing the estate, is entitled to the proceeds of the policy in suit, and judgment may be entered accordingly.