### METROPOLITAN LIFE INS. CO. v. DUNNE et al.

District Court, S. D. New York.
June 16, 1931.

Edward M. Grout and Paul Grout, both of New York City (Dean Potter, of New York City, of counsel), for plaintiff.

Arthur E. Schwartz, of New York City (Arthur E. Schwartz, of New York City, and James M. Lynch, of counsel), for defendants Dunne.

A. D. Lent and A. W. Lent, both of Highland, N. Y. (A. W. Lent, of Highland, N. Y., of counsel), for defendant Wilcox.

PATTERSON, District Judge.

In 1918, the plaintiff issued two policies of life insurance on the life of one Johnson, each for the amount of $310. The policies were payable to Johnson's executor or administrator, but contained what is known in industrial insurance policies as a "facility of payment" clause, to the effect that the company might make payment to certain designated relatives or to persons appearing to be equitably entitled to payment by reason of having incurred expense for the insured or for his burial. On each policy the premium was 25 cents a week.

At the time the policies were issued, Johnson was boarding at the home of Mrs. Bridget Dunne in Connecticut, where he continued to live until 1925. He then moved to New York state. Mrs. Dunne paid all the premiums on both policies, except the first two payments, and had the policies in her possession. She kept up the payments until 1929, when she discovered that Johnson had died in 1926. The premiums paid after death of the insured came to $59.50. Mrs. Dunne and a daughter of hers, Dorothy Dunne, then made claim to the proceeds of the policies. Howard

E. Wilcox, who resides in this district, is Johnson's executor and also claimed the proceeds of the policies. Confronted by these adverse claims, the plaintiff availed itself of the provisions of the Interpleader Act of 1926 (28 USCA § 41 (26), and brought this bill of interpleader, having paid into court the sum of $604.52, the total amount due on the two policies.

Over objection by the executor, Mrs. Dunne testified that Johnson had delivered the policies to her back in 1918, telling her that they were for her little daughter. Decision on the executor's motion to strike out this testimony was reserved.

■ Before passing to the merits, I will consider a question of jurisdiction. The executor made timely motion to dismiss the bill on the ground that the amount due on each policy is less than $500. Under the present Interpleader Act, the bill must aver that the insurance company "has in its custody or possession money or property of the value of $500 or more, or has issued a bond or a policy * * * for the payment of $500 or more." I am referred to no authorities on the point, but it seems to me that the United States courts have jurisdiction to entertain a suit where the aggregate amount due on several policies issued by one company upon one life exceeds $500, although the amount due upon each single policy falls short of $500. The words "that such company, association or society has in its custody or possession money or property of the value of $500 or more," if taken in their ordinary sense, cover a case where the total amount involved in several policies exceeds $500. I do not believe that these words should be restricted to cases where there is a specific, separate fund of over $500 in the company's possession. Such a construction would be an extremely narrow one, in face of the fact that the statute is to be liberally construed. Hartford Fire Ins. Co. v. Sanders (C. C. A.) 38 F.(2d) 212. Support for jurisdiction in a case like the present is also found, by analogy, in the numerous cases under paragraph 1 of section 41, 28 USCA, holding that there is jurisdiction in cases where the total amount involved is more than $3,000, although the sums demanded under each of the several causes of action pleaded are less than the jurisdictional amount. Heffner v. Gwynne-Treadwell Cotton Co. (C. C. A.) 160 F. 635; Yates v. Whyel Coke Co. (C. C. A.) 221 F. 603; Mutual Life Insurance Co. v. Rose (D. C.) 294 F. 122. I am therefore persuaded

that the objection to the jurisdiction of the court is not well taken.

■ It is undisputed that Mrs. Dunne is entitled to recover the premiums paid by her after the death of the insured, in ignorance of his death. The controversy relates to the balance of the fund paid into court. The executor being the beneficiary specified in the policies, he is the person prima facie entitled to the proceeds, and the burden of proof rests upon the defendants Dunne to prove a superior right. It is claimed, first, that the proceeds are Mrs. Dunne's under the "facility of payment" clause, and, second, that the insured assigned the policies to Dorothy Dunne by way of gift. There is no merit in the first contention, even though it be true that these claimants or either of them "incurred expense" in behalf of the insured. The policies are payable to the executor or administrator, with the right reserved to the company to make payment to certain others in case it shall see fit to do so. This right to divert the proceeds from the insured's personal representative is a privilege possessed by the company alone, to be exercised or not at its option. Unless this right is exercised by the company, through actually making payment under the clause, its presence in the policies cannot extinguish or cut down the executor's claim to the proceeds. McCarthy v. Prudential Ins. Co., 252 N. Y. 459, 169 N. E. 645; Williard v. Prudential Ins. Co., 276 Pa. 427, 120 A. 461, 28 A. L. R. 1348; Prudential Ins. Co. v. Godfrey, 75 N. J. Eq. 484, 72 A. 456, affirmed in 77 N. J. Eq. 267, 76 A. 1067. Here the company took no action under the "facility of payment" provision, and that clause therefore cuts no figure in determining the rights of the parties.

■ Was there a gift of the policies to Dorothy Dunne? One of the policies provided that it should be void if assigned. But such a provision is not self-executing; it is to be interpreted as giving the company a right to declare a forfeiture upon assignment, which it may waive if it chooses. See Grigsby v. Russell, 222 U. S. 149, 157, 32 S. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863. A clause practically identical was so construed in Holleran v. Prudential Ins. Co., 172 App. Div. 634, 159 N. Y. S. 284. The payment of the proceeds into court and the bringing of the bill of interpleader constituted a waiver of any forfeiture. In the other policy the provision as to assignment is different; it is declared that an assignment shall be void and of no effect. I take it that

this provision is also designed to safeguard the company in making payments either to the beneficiary named in the policy or under the "facility of payment" clause, and that, if the company sees fit to waive this protection, an assignee of the policy is not without rights. As to both policies, therefore, the provisions against assignment are not operative where the company has paid the proceeds into court. The real question in the case is whether the proof shows an assignment. In this connection, it must be taken as settled that no writing is required to make an assignment of a life insurance policy effective. A delivery of the policy, under circumstances indicating quite clearly an intention to make a gift to the assignee, is sufficient. McGlynn v. Curry, 82 App. Div. 431, 81 N. Y. S. 855.

■ Mrs. Dunne testified that the insured handed the policies to her and said that they were for her daughter Dorothy. The admissibility of this evidence is challenged by the executor. Under section 858 of the Revised Statutes, as amended (28 USCA § 631), the competency of the witness to testify is to be determined "by the laws of the State or Territory in which the court is held." The laws of New York therefore control. Metropolitan Life Ins. Co. v. English (D. C.) 291 F. 577. The New York rule is that a party or person interested in the event, or a person through whom such a party or person derives his interest or title by assignment or otherwise, may not testify against an executor or administrator concerning a personal transaction with the decedent. Civil Practice Act, § 347. If the testimony of Mrs. Dunne as to this transaction were offered in support of any claim of her own to the policies, the incompetency of such proof would be clear. But the fact is that her testimony supports the claim of another, giving herself the role merely of custodian of the policies. It is certain that the relationship of mother and daughter, the daughter being interested, does not render incompetent the testimony of the mother. Eisenlord v. Clum, 126 N. Y. 552, 27 N. E. 1024, 12 L. R. A. 836. Likewise it is settled that the mere fact that the mother is a "party" to the suit does not exclude her testimony, where she is not financially interested in the result. Harrington v. Schiller, 231 N. Y. 278, 132 N. E. 89. If she had seen the policies delivered by the insured directly to the daughter and had heard him utter words indicative of a gift, she would have been competent to testify to the occurrence. The fact that the policies were handed over to her and the words spoken to her makes the point a closer one. It is arguable that in this case the daughter derived her interest from the mother's acceptance of delivery, and that, consequently, the mother may not testify concerning the transaction. But it seems to me that a person to whom policies are delivered by the insured, with the statement that they are for her daughter, may give testimony concerning the transaction against the executor of the insured, and that section 347 does not apply to such a case. Croker v. New York Trust Co., 121 Misc. 725, 201 N. Y. S. 811, seems analogous. That was a suit by the son of a decedent to enforce a promise made him by the decedent to convey property to a daughter. It was held that the plaintiff might testify that the decedent made him the promise. The executor's motion to strike out the testimony of Mrs. Dunne will therefore be denied.

■ The testimony as to the delivery of the policies and as to the insured's statement that they were for the daughter, if true, establishes a gift of the policies to the daughter. I think that the other evidence in the case tends strongly to show that this testimony was true. Mrs. Dunne had possession of the policies and also of the premium receipt books. She paid the premiums for many years. The insured apparently paid no attention to his insurance; his executor did not even know of the existence of the policies until three years after his death when Mrs. Dunne supplied the information. Upon all the testimony, I have concluded that a gift of the two policies to the defendant Dorothy Dunne has been satisfactorily established and that she is entitled to a decree awarding the proceeds to her.

■ The plaintiff is entitled to a reasonable attorney's fee out of the fund paid into court. Mutual Life Ins. Co. v. Bondurant (C. C. A.) 27 F. (2d) 464. In view of the modest amount at stake, I will fix this allowance at $100.

The prayer for the interpleader will be granted. The plaintiff will have $100 of the fund for its attorneys' fee, and will also have its taxable costs; the defendant Bridget Dunne will have $59.50 out of the fund; and the defendant Dorothy Dunne will have the balance. There will be no costs as between the defendants Dunne and the executor.