## NEW YORK LIFE INS. CO. v. CROSS.

District Court, S. D. New York.
May 31, 1934.

Louis H. Cooke, of New York City (Raeburn W. Jenkins, of New York City, of counsel), for plaintiff.

W. Morton Carden, of New York City, for defendant Cross.

Jacob Marx, of New York City, for defendant Peacher.

Griffiths & Content, of New York City (Charles H. Griffiths, of New York City, of counsel), for defendant Thayer.

WOOLSEY, District Judge.

The plaintiff's prayer for an interpleader is granted.

The plaintiff, having waived claim for any attorney's fee, may have its taxable costs paid out of the fund.

The decree will provide that the fund then remaining in court will be divided between the defendants Ida Dixon Peacher and Estelle Thrall Thayer, and the defendant Ida Dixon Peacher and Estelle Thrall Thayer may each have, receive, and recover their taxable costs against the defendant Elizabeth O'Brien Cross, together with one-half of such taxable costs as are allowed to the plaintiff out of the fund.

■ I. This bill of interpleader is brought under the Interpleader Act of 1926, title 28 United States Code, § 41, subsec. 26 (28 USCA § 41 (26), by a corporation of the state of New York against three defendants, claimants on a policy of life insurance issued by the plaintiff. Of these claimants, 'one is Mrs. Cross, who is a citizen and resident of New York, another Mrs. Peacher, a citizen and resident of Missouri, and a third, Mrs. Thayer, a citizen and resident of California. Inasmuch as the respondents are residents of different states, the necessary diversity of citizenship exists for jurisdiction in this court.

■ II. Before getting into the crucial question, it is necessary to clear away one or two subsidiary questions. One of them is the competency of Mrs. Cross to testify as to oral communications with Dixon, the insured under the policy, Dixon being now deceased.

The statute which deals with the competency of a witness under such a situation is section 347 of the Civil Practice Act of the state of New York, and, so far as it is here concerned, reads as follows: "Upon the trial of an action * * * a party or a person interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * against * * * a person deriving his title or interest from, through or under a deceased person * * * by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person. * * *"

In a recent case in this court, Metropolitan Life Insurance Company v. Dunne et al., 2 F. Supp. 165, 167, Judge Patterson admitted the evidence because the mother of the claimant was held not to be a person "interested in the event" within the meaning of the statute. When the trial began in this case, I felt certain under the latter part of the quotation from the statute that the testimony of Mrs. Cross should not be admitted. However, on examining the case of Ward v. New York Life Insurance Company, 225 N. Y. 314, 319, 320, 122 N. E. 207, cited to me by her counsel, I have come to the conclusion that under the construction of section 347 of the Civil Practice Act by the New York Court of Appeals, which, of course, controls me, on the competency of witnesses the testimony is admissible, for the reason that under the decision in that case the other respondents are not persons who derived their title or interest "from, through or under a deceased person * * * by assignment or otherwise." Therefore the question of admissibility of her evidence is ruled in favor of Mrs. Cross.

III. On February 24, 1915, the plaintiff, the New York Life Insurance Company, entered into a contract of life insurance with one James N. Dixon, then residing in New York, as evidenced by its policy No. 4768205, whereby it insured the life of Dixon for $5,-000, on the usual conditions as to proof of death, and so forth. The beneficiary originally named was Edythe H. Dixon, the wife of the insured.

On or about March 3, 1926, Dixon changed the beneficiary of the policy and named Mrs. Elizabeth O'Brien Cross, one of the respondents, in place of his wife.

On or about September 26, 1929, Dixon delivered the policy to Mrs. Cross.

On or about August 31, 1931, Dixon advised the office of the plaintiff in writing that he wished to change the beneficiary on the policy and give Mrs. Cross one-third, his sister, Ida Dixon Peacher, of Springfield, Mo., one-third, and the other third to Estelle Thrall Thayer, of Los Angeles, Cal., with provision that, if any of the said beneficiaries should predecease Dixon, the share of such beneficiary should go to Edythe Dixon Jarvis, his daughter, a resident of New York City, if she were then living.

At the time when this attempted change of beneficiary was made, the policy was in the physical possession of Mrs. Cross, and for a time she pretended not to know where it was, and in this way, I find, endeavored to prevent this change of beneficiaries by which her share would be cut down to one-third.

Dixon died at Springfield, Mo., on February 2, 1932.

On February 26, 1932, the plaintiff received due proof of the death of the deceased and became and since then has been prepared to pay the proceeds of the policy to whichever of the beneficiaries may be entitled thereto.

By reason of failure to pay premiums, the policy had lapsed on April 2, 1931, and had been converted into a paid-up insurance for $3,531.51.

On or about March 18, 1932, the plaintiff paid to Mrs. Cross, on stipulation that it was without prejudice to their respective rights, the sum of $1,175.52, with interest, which constituted the one-third of the proceeds of the said policy to which she was undoubtedly entitled, even under the proposed change of beneficiaries above mentioned.

She sued the plaintiff for the whole amount of the policy, claims were filed by Mrs. Peacher and Mrs. Thayer, although suits were not instituted by them, and in this situa-

tion the insurance company has filed this interpleader asking the court to determine to whom the remaining two-thirds of the policy should be paid.

■ IV. In the situation here shown, the burden was on Mrs. Cross to show that she had a right to more than the amount which has already been paid to her under the stipulation mentioned above.

■■ In my opinion she has entirely failed to sustain this burden.·

When she was on the stand at the trial she seemed to me a most vague and unsatisfactory witness; in fact she made such a very poor impression on me as a witness that, except in so far as what she said may be confirmed by the documents in evidence, I would not place any credence whatever in her testimony.

In an amorphous situation of this kind, the contemporary attitudes of the parties, especially if they are shown by documents and letters, must control, as they are the only safe guides to a trier of the facts. Harris v. Morse (D. C.) 54 F.(2d) 109, 115, 116; Irving Trust Co. v. Deutsch et al. (D. C.) 2 F. Supp. 971, 989.

I therefore turn to the documents which counsel have conveniently arranged for me in chronological order.

As I stated in my remarks at the end of the trial, it seems to me that Mrs. Cross might have held the policy here in any one of three capacities:

(1) She might have held it as donee or assignee with dominion over the policy entirely in her; or (2) she might have held it as security in the capacity of a quasi pledgee or licnor with dominion in her pro hac vice pending payment of a debt to her; or (3) she might have held it as a bailee for safekeeping with dominion entirely in the insured.

There was not any written assignment and, at the end of the trial I said that I was satisfied, and I am still satisfied, that Mrs. Cross has failed to show that she was an assignee or donee of the policy. Cf. Ward v. New York Life Insurance Company, 225 N. Y. 314, 321, 122 N. E. 207.

On careful consideration of the documents, Dixon's letters seem to me to indicate in the sum total that the policy was delivered to Mrs. Cross by him in order that, in the event of his death, his family might be saved the embarrassment of having it found among his papers with her name on it as beneficiary.

At the end of the trial I was somewhat uncertain whether a study of the documents would indicate that the policy was handed to Mrs. Cross as security for a debt of $12,084.-90 which she claimed that Dixon still owed her. But I think that the assignment of November 22, 1927, by which Dixon assigned to Mrs. Cross 40 per cent. of his interest in a certain contract, was the means by which she was to be repaid for this alleged debt. That assignment has written in it the provision that he assigns to Mrs. Cross "forty per cent. of all monthly installments due and payable to me on and after Dec. 7, 1927, under contract with Tracy, Pearl & Co., Inc., April 21-27, until the sum of ($12,084.90) twelve thousand eighty-four and 90/100 dollars shall have been paid with interest on all payments after June 6, 1928."

There is another exhibit in Dixon's handwriting which is also dated November 22, 1927, the same date as the assignment, and states the details of the transaction between Mrs. Cross and himself. That document, referring to the assignment, says "This assignment is to cover balance due $12,084.90."

I find that this assigned contract was the source to which Mrs. Cross was to look for repayment of the alleged indebtedness. The fact that this is so is not only apparent from the documents mentioned, but is tacitly confirmed by the fact that she did not file any claim against Dixon's estate after his decease, although the balance now claimed to be due her is far in excess of the policy here in question even if she had been sole beneficiary.

A study of the documents has therefore entirely resolved the doubt which I felt at the time of the trial as to whether Mrs. Cross had the policy in the capacity of a quasi pledgee or as a bailee.

I find that she was a bailee merely, that her withholding of the policy at the time Dixon wished to change the beneficiaries was denying Dixon's right as bailor to have the policy returned to him, and, consequently, the failure to have a formal note on the policy of the change of beneficiaries is due to the wrongful attitude of Mrs. Cross at the time that the proposed change in beneficiaries was under discussion between her and the insured.

■ V. The insurance company, by filing this bill of interpleader, has waived any procedural irregularities, if I may so describe them, in its office practice. It now says, in effect, that it is ready to pay the amount of the balance of the policy to such of the defendants as the court thinks are entitled to it.

VI. Inasmuch, therefore, as the only par-

ty entitled to make objection to the fact that the beneficiaries were not formally changed on the policy has waived that objection in the most definite and solemn manner possible, the way is clear to give the decree which I find to be proper in this case, and which I have already indicated at the beginning of this opinion.

VII. This opinion shall stand as the findings of fact and conclusions of law in this cause, and an order may be submitted by any of the parties so providing, or a provision to that effect may be included in the final decree which must be settled on the usual notice.

Inasmuch as the insurance company has waived any request for counsel fees, the provisions I have made above for costs will cover the situation.