Samuel A. Spiegel, J.
This action was tried by the court without a jury. Findings of fact and conclusions of law were waived.
This is an action by the executors of the estate of a deceased person alleged to have loaned the defendant $4,000. The defendant contended the transaction constituted a gift, not a loan.
In support of plaintiffs’ case, Gertrude Schermeyer, the executrix herein testified that she was present when the deceased loaned the money to the defendant. Defendant objected to her testimony, arguing she was precluded from testifying under section 347 of the Civil Practice Act, now section 4519 of the Civil Practice Law and Buies (no change), in that her commissions as executrix would be increased by a recovery herein by the estate and as such “ a person interested in the event ”,
I find that there is no basis for such objection. Section 4519 of the Civil Practice Law and Buies, insofar as the same is pertinent herein, provides: “ Upon the trial of an action *645 * * * a party or a person interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * against the executor, administrator ” (emphasis mine). “ The purpose of the statute is to protect the estate of a deceased person and all those succeeding to the property and interest of the deceased against claims founded on the testimony of self-seeking and interested witnesses, concerning alleged personal transactions with the deceased.” (Richardson, Evidence, 7th ed., § 466, p. 411.)
The cases cited by the defendant involve will contests and are wholly inapposite. (Nay v. Curley, 113 N. Y. 575; Harrington v. Schiller, 231 N. Y. 278.) All motions made during the trial upon which decision has been reserved are determined in accordance with the foregoing.