DE WITT C. BOUTON, as Executor of GERSHOM HANFORD, Deceased, Appellant, *v.* ALICE WELCH, Respondent, Impleaded with Another.

WITNESS — CODE CIV. PRO. § 829 — WHEN WITNESS NOT DISQUALIFIED AS PERSON FROM WHOM TITLE IS DERIVED. In an action brought against a husband and wife by the executor of a decedent to foreclose a mortgage given by the husband to secure part of the price of a farm purchased by him from decedent, in which the wife claimed, as a defense, that the mortgage was to be her property after decedent's death, the husband, having previously withdrawn his answer in the action, is not disqualified under section 829 of the Code of Civil Procedure, as the "person from, through or under whom" the wife derived her interest or title, from testifying that decedent promised and agreed at the time of the execution of the mortgage that, upon his death, the mortgage should become the property of the wife.

*Bouton* v. *Welch*, 59 App. Div. 288; affirmed.

(Argued February 26, 1902; decided April 8, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 13, 1901, affirming a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. N. Tompkins* for appellant. The defendant's proof fails to establish a certain and definite contract with her and Mr. Hanford upon a valuable consideration. The proof falls short of such an agreement. (*Gall* v. *Gall,* 64 Hun, 600; *Shakespeare* v. *Markham,* 72 N. Y. 400; *Winne* v. *Winne,* 166 N. Y. 263.) The testimony of William Welch, the mortgagor, was incompetent under section 829 of the Code, and being so incompetent, then there was no other testimony to establish the alleged agreement. (*Wilson* v. *Reynolds,* 31 Hun, 46; *Squire* v. *Green,* 38 App. Div. 431; *Geissman* v. *Wolf,* 46 Hun, 289; *Wilkins* v. *Baker,* 24 Hun, 32; *Boyd* v. *Boyd,* 164 N. Y. 243; *Bennett* v. *Austin,* 5 Hun, 536; *Alexander* v *Dutcher,* 70 N. Y. 385; *Hill* v. *Hotchkin,* 23

Hun, 414; *Smith* v. *Hathorn*, 25 Hun, 159; *Brooks* v. *Wilson*, 6 N. Y. Supp. 116.) The parol evidence of William Welch to vary the positive terms of this mortgage as to the payment of interest in produce, etc., was inadmissible. (*Snyder* v. *Ash*, 30 App. Div. 184.) The referee erred in allowing the defendant Alice Welch to testify to personal transactions with Mr. Hanford, the deceased, in violation of section 829 of the Code. (*Boyd* v. *Boyd*, 164 N. Y. 234.)

*George B. Davis* for respondent. The evidence of William Welch was admissible. (Code Civ. Pro. § 740; Redf. on Surr. Prac. 187; *Brown* v. *Klock*, 5 N. Y. Supp. 245; *Stebbins* v. *Hart*, 4 Dem. 501; *Kilsey* v. *Cooley*, 11 N. Y. Supp. 748; *Cunningham* v. *Whitford*, 74 Hun, 273; *Carpenter* v. *Soule*, 88 N. Y. 251; *A. C. S. Bank* v. *McCarty*, 149 N. Y. 71; *O'Brien* v. *Weller*, 68 Hun, 64; *Moore* v. *Oviatt*, 35 Hun, 216; *Connelly* v. *O'Connor*, 117 N. Y. 91; *Whitehead* v. *Smith*, 81 N. Y. 151.) Alice Welch derives title to the mortgage through Gershom Hanford and not from William Welch. (*Godine* v. *Kidd*, 19 N. Y. Supp. 335; *Healy* v. *Healy*, 55 App. Div. 315.)

WERNER, J. This action, which was commenced in the County Court of Tompkins county, was brought to foreclose a mortgage given by William Welch to Gershom Hanford, the plaintiff's testator. The defendant Alice Welch, who is the wife of said William Welch, claimed title to said mortgage. Counsel being in doubt as to the power of the County Court to grant the proper relief upon the issues which would necessarily be presented by conflicting claims of title to the mortgage, the case was by stipulation removed into the Supreme Court. The judgment entered upon the referee's report, establishing the title to said mortgage in the defendant Alice Welch, having been unanimously affirmed by the Appellate Division, is conclusive upon us, if no legal error was committed in the reception or exclusion of evidence. A number of exceptions taken to the rulings of the referee are presented to us as grounds for reversal, but the only one which we deem it

necessary to discuss is whether the testimony of William Welch, the husband of the defendant Alice Welch, was competent under section 829 of the Code of Civil Procedure. A brief statement of the facts relating to the execution of the mortgage, and of said Alice Welch's claim of title thereto, is essential to an understanding of this question. Plaintiff's testator, a childless widower of means, was the uncle of the said Alice Welch. The latter and her husband lived upon a farm known as the " Axford farm" in the town of Danby, Tompkins county, consisting of about thirty acres and worth about one thousand dollars. Said testator owned a farm in the same town called the " Grant farm" valued at about two thousand dollars. In the fall of 1886 the house upon the " Axford farm," occupied by the Welchs, was destroyed by fire. At this juncture plaintiff's testator and William Welch met and entered into an agreement for an exchange of the two farms. The latter was to take the " Grant farm" and the former was to receive the " Axford farm" and a purchase-money mortgage of two thousand dollars upon the " Grant farm." The claim of the defendant, which was established to the satisfaction of the courts below, is that this mortgage was to be her property after said testator's death. The only testimony presented in support of this claim was that of William Welch, the husband of the successful defendant Alice Welch, and this is the testimony that is challenged as incompetent under section 829 of the Code of Civil Procedure. We think the objection is not good. The language of the statute as paraphrased to fit this case is that " a party or person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor," etc. As the witness Welch had withdrawn his answer prior to the trial, he was no longer a party in any such sense as to disqualify him on that ground alone. But it is urged that he was the " person from, through or under whom?" the interested party (his wife) derived her interest or

title. Let us see. The subject of the controversy is a mort-
gage. It was the property of the plaintiff's testator. It had
been held by him under an agreement that upon his death it
should become the property of his niece, the defendant Alice
Welch. Upon the death of the former it became the prop-
erty of the latter, for the court has so found. Did she get it
through her husband, William Welch, or her uncle, Gershom
Hanford? The answer, it seems to us, is obvious. The hus-
band never had any interest in the mortgage. It was clearly
the property of the uncle. The fact that it was a mortgage
upon the farm which the husband had acquired from the uncle,
and that the mortgaged farm was received in exchange for a
farm which had previously belonged to the husband does not
change the situation. The mortgage was as distinctly and
unequivocally the property of the plaintiff's testator as though
it had been a mortgage upon the farm of John Doe instead
of William Welch. Her title was not a derivative one secured
from, through or under the husband, but was clearly an original
and independent title, so far as her husband was concerned,
which she derived directly from her uncle. (*Healy* v. *Healy*,
55 App. Div. 315 ; affd., 166 N. Y. 624; *Godine* v. *Kidd*,
64 Hun, 585.) Suppose that the testator, instead of taking a
mortgage, had insisted upon receiving the sum of $2,000.00 in
cash in the trade, and that the testator had agreed to deposit
it to his own use during life and to arrange for a transfer of
the principal to his niece, the defendant, at his death. Could
it be claimed that the latter's interest or title in the money
was derived " from, through or under " her husband? We
think not, and we perceive no distinction in principle between
such a case and the case at bar. Nor are we embarrassed in
this conclusion by the circumstance that the promise upon
which the defendant Alice Welch's title to the mortgage is
founded, was made by the plaintiff's testator to said defend-
ant's husband. A promise made to a husband by a third party
for the benefit of the wife can be enforced by the latter.
(*Buchanan* v. *Tilden*, 158 N. Y. 109.) It does not follow, as
has been suggested, that because the husband's obligation to

provide for the wife is a sufficient legal consideration to support the promise of a third person for the benefit of the wife, the fruit of such promise is derived " from, through or under " the husband. On the contrary, there are many cases in which the product of the promise is property in which the husband never would or could have any interest whatever. In such a case the law simply makes use of the husband's obligation to provide for the wife in order to enforce the promise; but the promise, as well as the property, proceeds from the third person directly to the wife and the latter receives " from, through or under " him, and not " from, through or under " the husband.

The judgment should be affirmed, with costs.

Cullen, J. (dissenting). I dissent from the decision about to be made. The plaintiff brought this action to foreclose a mortgage executed to his testator. The wife of the mortgagor defended, claiming that the mortgage was executed under an agreement between her husband, herself and the mortgagee, whereby, in consideration of an exchange of farms, one of which belonged to the husband and the other to the mortgagee, and the execution of the mortgage, the mortgagee was to transfer the mortgage to her by assignment before his death or by bequest in his will. She asked that the mortgage be declared to belong to her and prayed for a foreclosure. The trial court found that the agreement as recited was made between the deceased and the mortgagor, not that the wife was a party to it. The agreement was established by the testimony of the husband as to his conversations with the deceased, which testimony was received over the plaintiff's objection and exception that the witness, under section 829 of the Code of Civil Procedure, was incompetent to testify to a personal transaction with the deceased. I think the objection was well taken. As the witness had withdrawn his answer prior to the trial, it may be that he was to be deemed no longer a party to the action. But be this so, the section prohibits " a person from, through or under whom such a party or interested person derives his interest or title, by assignment *or*

*otherwise*," being examined as a witness as to such personal transactions. Surely the witness came within the spirit of the section; I think he was equally within its letter. The relief sought by the respondent, the wife of the mortgagor, was substantially a specific performance of the agreement between her husband and the mortgagee. Her right and interest proceeded from two things: *First*, the consideration which her husband gave for the agreement; *second*, the legal and moral interest which the husband had in the performance of the covenant of the mortgagee in the wife's favor. This last is the only ground on which a stranger to a contract is allowed to enforce its performance or sue for its breach. (*Durnherr* v. *Rau*, 135 N. Y. 219.) In *Buchanan* v. *Tilden* (158 N. Y. 109), on the authority of which this case has been decided, doubtless, correctly, so far as this point is concerned, it was held by a divided court that the wife might maintain an action on an agreement between her husband and a third party, whereby in consideration of services of the husband the latter was to pay the wife a sum of money. But the decision proceeded on the ground of the moral and legal obligation imposed upon a husband to provide for his wife. It seems to me, therefore, that in the present case the right of action of the respondent was in the true sense of the term derived from her husband, who was, therefore, incompetent to testify as a witness on her behalf to the agreement he made with the deceased.

I have thus far considered this action as one to compel the specific performance of a contract on the part of the plaintiff's testator to assign or bequeath the mortgage, assuming that the title to the mortgage did not pass to the respondent on the death of the mortgagee named, and treating the case as if the husband of the respondent had no connection with the mortgage itself. But the case actually before us is a much stronger one for the appellant. It is urged by the respondent and the trial court has found that on the death of the plaintiff's testator the mortgage became the property of the respondent. If this be the true theory of the action, I think it is plain that the

respondent claims solely through her husband. If the agreement between the parties at the time of the exchange of farms is to be deemed an executed one, then there was delivered a mortgage to the plaintiff's testator for life with remainder absolute to the respondent, for a life interest and remainder can be created in a chattel or chose in action as well as in real estate. In that case surely the respondent claims title through her husband the same as plaintiff does, for on no principle of which I am aware can a remainderman be said to derive title from the life tenant. On the contrary, they both derive title from the same individual, to wit, the mortgagor. The fact that the husband of the respondent never owned the mortgage has no bearing on the subject. He created the mortgage. Thus a mortgagee and a judgment creditor both claim under the mortgagor and debtor, who is not competent to testify in behalf of either party as to personal transactions with the other, where the latter is deceased. (*Geissmann* v. *Wolf*, 46 Hun, 289.) It must be borne in mind in this case that the very agreement out of which the mortgage in suit sprung and which gives it vitality is the same agreement through which the respondent claims she is entitled to the security. It is suggested by way of illustration that had the plaintiff's testator, instead of taking a mortgage, insisted on receiving money to be deposited in a bank, the interest to go to the testator for life and the principal on his death to go to the wife of the party who had paid the money, no contention would be made that the wife's title to the money was derived from the party who paid it. With the utmost deference to my associates, who seem to entertain a radically different view, I am frank to say I cannot imagine a case in which the wife would derive title from her husband more clearly or plainly than the one suggested.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., BARTLETT, HAIGHT and MARTIN, JJ., concur with WERNER, J.; VANN, J., concurs with CULLEN, J.

Judgment affirmed.