### In re VAN DERZEE.

(Surrogate's Court, Albany County. January 24, 1910.)

1. GIFTS (§ 4*)—"GIFT INTER VIVOS"—ELEMENTS.

To constitute a "gift inter vivos," the gift must be by a donor competent to contract and exercise free will, the gift must be complete, the property must be delivered by the donor and accepted by the donee, and the gift must go into immediate and absolute effect.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 3, 17; Dec. Dig. § 4.* For other definitions, see Words and Phrases, vol. 4, pp. 3091–3093; vol. 8, p. 7671.]

2. GIFTS (§ 49*)—INTER VIVOS—EVIDENCE—SUFFICIENCY.

A gift inter vivos must be established by clear, satisfactory, and convincing proof.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

3. GIFTS (§ 49*)—INTER VIVOS—EVIDENCE—SUFFICIENCY.

A gift inter vivos may be established by the sole testimony of the husband or wife of the donee.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

4. GIFTS (§ 49*)—INTER VIVOS—EVIDENCE—SUFFICIENCY.

The wife of the donee in a gift inter vivos of a mortgage testified that the donor, a sister of the donee and living in his household, asked for the mortgage because she wanted to give it to the donee; that the wife brought to the donor a box containing the mortgage; that the donor took the paper, asked for a pencil, and wrote thereon that she gave it to the donee; that the donor handed the paper to the donee with the statement that she gave it to him, and that the donee asked the wife to take it, which she did, and deposited it in the box containing other papers of the donee. The genuineness of the writing was not disputed, and there was no contradictory evidence. *Held* to show a gift inter vivos.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

---

Petition by Peter R. Van Derzee, executor of Gertrude A. Van Derzee, deceased, for a final settlement of his account, in which James Vanderpool, as administrator of Margaret E. Vanderpool, deceased, filed objections. Decree settling account.

Peter R. Van Derzee and Andrew Van Derzee, for petitioner.

William Sanford Van Derzee, in pro. per.

James Vanderpool and Arthur Helme, for Margaret E. Vanderpool's administrator.

William Selkirk, for Elmwood Cemetery Association.

W. H. Van Steenbergh, for Board of Foreign Missions of the Reformed Church in America and Board of Domestic Missions of the Reformed Church in America.

Davies, Stone & Auerbach, for Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America.

Harold D. Alexander, guardian, for Gertrude Vanderpool, an infant.

ADDINGTON, Acting Surrogate. Gertrude Ann Van Derzee, the above-named testatrix, died on the 17th day of March, 1906, being at the time of her death 86 years of age. She left a last will and testament, which was duly admitted to probate, and the petitioner, Peter R. Van Derzee, duly qualified as executor. On October, 19, 1908, the petitioner duly filed his account of proceedings as such executor, and petitioned for the final settlement of such account. A citation was duly issued, and on the return of said citation James Vanderpool, as administrator of the estate of Margaret E. Vanderpool, deceased, filed objections to said account. The will was probated by me, and this proceeding is before me as county judge of Albany county, and as such acting surrogate; Hon. Newton B. Van Derzee, surrogate of Albany county, being related to the parties interested.

The testatrix bequeathed "to domestic and foreign missions $two \over one$ hundred dollars." This bequest was claimed by the "Domestic and Foreign Missionary Society of the Protestant Episcopal Church of the United States of America," and by the "Board of Foreign Missions of the Reformed Church in America," and by the "Board of Domestic Missions of the Reformed Church in America," which missions were made parties to this proceeding. The mission first above mentioned withdrew its claim to said bequest. There can be no doubt, from all the evidence adduced, but that the deceased intended said bequest for the "Board of Foreign Missions of the Reformed Church in America" and the "Board of Domestic Missions of the Reformed Church in America." The testatrix was a member of the Reformed Church of the town of Bethlehem, Albany county, of the denomination known as the "Reformed Church in America," for more than 60 years, and was a contributor to the Boards of Foreign and Domestic Missions of that denomination for many years. Under all the evidence it is substantially undisputed that said bequest was intended for the foreign and domestic missions of the Reformed Church. It also appears clearly to me that the testatrix in her will (which is in her own hand-

writing) first made this bequest $100, and then changed it to $200 by writing the word "two" over the "one," and the evidence is undisputed that the words "one" and "two" are in the handwriting of the testatrix.

The executor in his account claims title by gift to him by said testatrix in her lifetime of a certain bond and mortgage, made and executed by William H. Osterhout and wife to Thomas Mallory, bearing date April 1, 1874, and recorded in the Albany county clerk's office in Book 228 of Mortgages, at page 44, on a farm of about 81.24 acres of land in the town of Bethlehem, Albany county, N. Y., which mortgage was assigned by Thomas Mallory to John B. Van Derzee April 2, 1877, and recorded April 27, 1878, and by John G. Van Derzee and others assigned to the testatrix, Gertrude A. Van Derzee, April 1, 1883. The claim of title to this bond and mortgage and the assignments by Peter R. Van Derzee are contested, which is the only serious contention to the final account filed herein. It appears that the testatrix, who was a maiden lady and a sister of Peter R. Van Derzee, the alleged donee, lived with her brother, the executor of her estate, and the latter's wife, in the town of Bethlehem, for many years.

The evidence as to the alleged gift of the bond, mortgage, and assignments is based solely on the evidence of Maria Van Derzee, the wife of the alleged donee, Peter R. Van Derzee. The witness testified that on the 31st day of January, 1906, she and the testatrix were in the sitting room of their home in the town of Bethlehem, when the testatrix said to her:

"Get the Mallory bond and mortgage for me. I want to give it to my brother Peter."

She further testified:

"Well, she told me where it was, and I went and got it from the bedroom. It was in a little trunk in the bedroom. That was a trunk in which she kept her papers. After I got it, I placed it in front of her, on a chair in front of her. She was sitting in a rocking chair. I placed it in front of her on a common chair. She asked me to open it and get these papers for her. I brought the box and the trunk both, and placed them in front of her. She asked me to get the papers out for her, and told me where they were, and I got them and gave them to her, and she asked me for a pencil, and I gave that to her. She wrote on one of those papers with the pencil. (Showing paper.) That is what she wrote on the paper."

On the assignment of the mortgage from Mallory to Van Derzee the following appears written in pencil, as near as I can decipher it:

"Jany 31
I have given this        have given to
Peter
                          G. A. Vanderzee."

She further testified:

"After she had made that writing, her brother Peter was passing through the room, with his arms full of wood. She handed those papers to him and said: 'I give you this Mallory mortgage.' And Peter said: 'You might want them yet before you die.' She said: 'I want you to have them.' She handed them to Peter. As his arms was full of wood, he couldn't take them, and he said: 'Give them to Maria.' That is me. She handed them to me. I put them away with the other papers."

On her cross-examination she completes her story as to her connection with the papers and says:

"I put them [bond, mortgage, and assignments] back with all the papers in the box I got it from; in the trunk back in the bedroom."

The evidence further shows that the petitioner kept some of his papers in the box and trunk mentioned above, and that the box and trunk were used in common by the family. "The gift being inter vivos, there must be present five distinct elements in order to invest it with the quality of validity. These elements are: First, that the donee must be competent to contract; second, there must be freedom of will; third, the gift must be complete, with nothing left undone; fourth, the property must be delivered by the donor and accepted by the donee; and, fifth, the gift must go into immediate and absolute effect." All of these elements in this case are proved to my satisfaction. I am familiar with the language used by courts in treating of gifts inter vivos, such as:

"Such a gift should be proved by very plain and satisfactory evidence." Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758.

"The evidence which proves the gift should be clear and convincing, strong and satisfactory." Devlin v. Greenwich Savings Bank, 125 N. Y. 756, 26 N. E. 744.

"In cases of this nature, where claims are presented against a deceased party, it is unquestionably well settled, by repeated adjudications, that the same should be scrutinized with even more than ordinary care, in order to prevent as far as possible the allowance of unjust and fictitious demands against parties whose mouths are sealed with death." Rix v. Hunt, 16 App. Div., at page 545, 44 N. Y. Supp., at page 992.

"The rule in such cases is that the gift must be established by evidence possessing the highest degree of probative force." Rix v. Hunt, 16 App. Div., at page 551, 44 N. Y. Supp., at page 995.

"As there is great danger of fraud in this sort of gift, courts cannot be too cautious in requiring clear proof of the transaction. This has been the rule from the early days of the civil law (which required five witnesses to such a gift) down to the present time." Grymes v. Hone, 49 N. Y. 23, 10 Am. Rep. 313.

And so cases may be cited ad infinitum since the subject of gifts was first passed upon, wherein it is held that gifts inter vivos must be scrutinized with the greatest care, and should not be upheld unless the evidence in support of the gift is clear and convincing. The law is so well settled that it has become elementary, and the decisions are so numerous in all of our courts that a reference to authorities is scarcely necessary, as there is a collation of the same cases in almost every decision on the subject. The subject is discussed by the Appellate Division, Second Department, as late as October, 1909, in the case of Tompkins v. Leavy, 134 App. Div. 114, 118 N. Y. Supp. 810, in which the learned justice writing the opinion says it must be established by evidence that "is clear and convincing," by evidence which "is very plain and satisfactory," again quoting the language used by courts in former decisions, and citing the cases. In most, if not in all, of the reported cases, evidence is given against the validity of the gift. In this case, however, the only evidence offered is in favor of the gift. The contestants offer no evidence, but claim that from all the evidence the gift is not established by clear, convincing, plain, and satisfactory proof.

When the only evidence of the gift is that of the husband or wife of the donee, it does not follow as a matter of law that the gift cannot be upheld by such evidence alone. Bouton v. Welch, 170 N. Y. 554, 63 N. E. 539; Andrews v. Nichols, 116 App. Div. 645, 101 N. Y. Supp. 977.

The story told by the witness, the wife of the donee, as to what took place between her, her husband, and the testatrix, is not an unnatural one; nor was it unnatural for the testatrix to make the gift. The donee was her brother, and she had lived in his household for many years. Each case must rest on its own particular facts, and if there was no more evidence as to the gift than that which I have discussed, as the rule is that such a gift should be proved by very satisfactory, plain, and convincing evidence, in the language of Judge Earl, in Ridden v. Thrall, 125 N. Y., at page 576, 26 N. E., at page 628 (11 L. R. A. 684, 21 Am. St. Rep. 758), this "court might well hesitate to uphold the gift" in question. However, in addition to the evidence of what was said by the donor, the donee, and the witness, we have the additional fact that the testatrix wrote the words on the assignment:

> "Jany 31
>
> I have given this      have given to
> Peter
>         G. A. Vanderzee"

—which, together with the whole transaction, leads me to believe that the proof of the gift is "satisfactory and convincing." With this indorsement on the assignment, the case is parallel with the Ridden-Thrall Case, supra. It is true that the only evidence that the testatrix made the writing on the assignment is that of the wife of the donee; but, as was said by Judge Earl, in Ridden v. Thrall, supra, on a similar situation, "the genuineness of this letter was not disputed on the trial." So in this case the genuineness of the writing on the assignment was not disputed on the trial. In discussing a similar writing, Judge Earl, in Ridden v. Thrall, supra, says:

"While, standing alone, it would not have been sufficient to establish the gift, it furnishes strong confirmation of the evidence of plaintiff's wife as to the gift, and leaves no reason to doubt that it was made as she testified. It was competent as corroborating evidence, just as the oral or written declarations of the donor previously made would have been, showing the intention to give, and thus corroborating the evidence as to the actual gift subsequently made. I have found no authority condemning such evidence. In all cases where probate of a will is contested on the ground of undue influence, fraud, incompetency, or forgery, the previous declarations or statements, in any form, of the testator, showing an intention in harmony with the instrument offered for probate, have always been held competent, not as sufficient, standing alone, but as corroborating the other evidence offered by the proponent."

A decree may be made and entered in accordance herewith.