RICHARD CROKER, JR., Plaintiff, *v.* THE NEW YORK TRUST COMPANY, as Temporary Administrator, etc., et al., Defendants.

Supreme Court, New York County, December 1923.

Evidence — action in equity to compel payments of money — when plaintiff not an incompetent witness under Civil Practice Act, section 347 — findings of jury not against weight of evidence.

In an action in equity to compel the father of plaintiff to make certain payments of money, the jury upon the submission of framed issues found that the father, in consideration of the promise of plaintiff to transfer his share in his mother's estate to his brother, agreed upon notification of the amount of such share to pay a like amount to plaintiff's said brother and to his sister.  Upon the trial the plaintiff was permitted to testify to the conversation with his father, who died after the commencement of the action, in which the agreement sought to be enforced was claimed to have been made.  On motion to set aside a verdict in plaintiff's favor the administrator of defendant challenged the correctness of the ruling under which plaintiff was allowed to testify, upon the ground that he was an incompetent witness under section 347 of the Civil Practice Act. *Held*, that plaintiff had no interest in the event of the cause nor in the record for the purpose of evidence and that the ruling complained of was correct, the finding of the jury was not against the weight of evidence and the motion to set aside the verdict will be denied.

The right asserted for the brother and the sister of plaintiff was to enforce directly against the estate of their father an obligation assumed by him directly for their benefit, and the mere fact that the plaintiff furnished the consideration did not make him the source from which his brother and sister derived any title or interest.

MOTION to set aside verdict of jury to a question under framed issues.

*McCombs & Ryan (Max D. Steuer,* of counsel), for plaintiff.

*Cook, Nathan & Lehman (Edmund L. Mooney, Frank I. Tierney* and *Richard J. Mackey,* of counsel), for defendant New York Trust Company, as temporary administrator, etc.

PROSKAUER, J.   Defendant trust company is administrator of Richard Croker, deceased.   Plaintiff, Richard Croker, Jr., and defendants Howard and Ethel Croker are decedent's children.

Upon submission of framed issues a jury has found that on or about November 10, 1914, decedent made a contract with these three of his children, whereby in consideration of Richard, Jr.'s promise to transfer to Howard, Richard, Jr.'s share in their mother's estate, decedent agreed, upon notification of the amount of such share, to pay a like amount to Ethel and to Howard.   Richard Croker, Sr., died after the beginning of this action in equity to compel the payments to Ethel and Howard.

Plaintiff was permitted to testify to the conversation with decedent in which the agreement is claimed to have been made. The administrator, on motion to set aside the verdict, challenges the correctness of this ruling on the ground that plaintiff was an incompetent witness under section 347 of the Civil Practice Act (Code Civ. Pro. § 829).

Section 347 prohibits from testifying (a) " a party or a person interested in the event " and (b) " a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise."   The phrase " interested in the event " modifies the word " party " as well as " person."   *Albany County Savings Bank* v. *McCarty,* 149 N. Y. 71, 84; *Harrington* v. *Schiller,* 231 id. 278.   Two kinds of interest constitute the bar; a financial interest in the result of the cause and an interest " in the record."   As was stated in *Eisenlord* v. *Clum,* 126 N. Y. 552, 556 (referring to the common law, but applied also to the statutory disqualification): "A direct and certain interest in the event of the cause or an interest in the record for the purpose of evidence became necessary in order to exclude."

Plaintiff has obviously no interest in the event of this cause.   He asks nothing for himself.   All counsel agree that he could not get anything if he did ask it.   His prayer for relief, as well as that of the defendants Ethel and Howard, is that payment be made to Ethel and Howard.   His original complaint demanded a money judgment for himself, but apparently, being advised that he had no cause of action for himself, he amended his complaint to its present form.

This question should not be clouded by the purely formal circumstance that the witness is the nominal plaintiff. Generally the action on a contract made for the benefit of third parties is brought by the beneficiaries as plaintiffs. In substance, if not in form, they are the plaintiffs here.

Has he an " interest in the record for the purpose of evidence? " In the argument before me no counsel has been able to suggest any other litigation in which a judgment against the administrator here could possibly redound to the benefit of the witness. By the contract alleged he was to receive nothing. Its breach deprived him of nothing. The alleged obligation of decedent was to pay to Ethel and Howard. There is no conceivable form of action in which he could recover anything for himself by reason of decedent's breach. As is stated in 1 Williston on Contracts (p. 683, § 357): " The promisee, though entitled to sue on the promise on ordinary principles of contract, having suffered no pecuniary damage by the failure of the promisor to perform his agreement, it would seem cannot recover substantial damages."

Continuing (at p. 732, § 390) the author states: " In cases where the third person is the sole beneficiary the injury to the promisee in depriving him of a right of action is purely technical, because breach of the promise causes him no pecuniary damage." See cases cited in Williston and 27 Yale L. J. 1011, 1018.

The witness, therefore, has no interest in the record.

The next inquiry is whether Howard and Ethel derive their " interest or title by assignment or otherwise " from the witness. Apparent conflict in language of Court of Appeals opinions necessitates an analysis of the leading authorities.

In *Healy* v. *Healy*, 55 App. Div. 315; affd., without opinion, 166 N. Y. 624, a mother was permitted to testify to a contract with the decedent whereby in consideration of the mother's surrender of her child to the custody of the decedent, the decedent agreed that the child should share his estate as though she were his own. The court said, referring to the mother: " Mrs. Chichester was in no disqualifying sense ' interested in the event ' of the action, and, while she was undoubtedly the medium through whom the contract was entered into on behalf of her infant child, yet it cannot be said that she is the person ' through or under whom ' the plaintiff derives her interest or title ' by assignment or otherwise,' as that term is used in the section above mentioned."

In *Bouton* v. *Welch*, 170 N. Y. 554, a defendant in a foreclosure suit urged as a defense a contract between her uncle, plaintiff's testator, and her husband, whereby in consideration of a conveyance by the husband, the uncle agreed that on his death the mort-

gage under foreclosure was to become the property of the wife. The husband whose conveyance furnished the consideration for the testator's promise was permitted to testify. Judge Werner writes (p. 557): " Her title was not a derivative one secured from, through or under the husband, but was clearly an original and independent title so far as her husband was concerned, which she derived directly from her uncle."

These cases would unequivocally establish the rule were it not for certain expressions in the opinions in *Rosseau* v. *Rouss*, 180 N. Y. 116. There an infant sued the estate of his putative father upon a contract made with his mother whereby in consideration of her promise to refrain from removing the infant from New York, the father agreed to settle $100,000 on the infant. The mother was permitted to testify to this agreement. The Court of Appeals, by vote of four to three, held her an incompetent witness. In the prevailing opinion Judge Vann first holds that the mother has a direct pecuniary interest because she was legally liable for the infant's support and if the infant received this money she could receive therefrom an allowance for his maintenance and thus reduce her responsibility. He writes (p. 122) : " If he succeeds in collecting the large sum involved it will be, according to the complaint and the contract, for his support and maintenance and she can apply to the court for an allowance therefrom for that purpose, which would relieve her wholly or in part from her legal liability." However, he then continues (p. 123): "As the plaintiff did not make the contract himself he must have derived his interest therein from some one. He did not derive it from his father * * *. The plaintiff furnished no consideration for the promise and would have had no interest in the contract unless a consideration had been furnished by some one. His mother furnished the sole consideration and the promise was made by the father to the mother to pay the son, who thus derived his interest from her."

He thus states in substance that the beneficiary of a third party contract derives his interest " by assignment or otherwise " from the person who furnished the consideration. This is apparently the direct opposite of the holding in the *Healy* and *Bouton* cases. He distinguishes *Bouton* v. *Welch, supra,* on the grounds, *first,* that there, the beneficiary being present when the contract was made, the promise ran directly to her (this situation also exists in the instant case); and *second,* that the wife furnished some slight consideration in that she surrendered an inchoate right of dower. Two other judges only concurred in Judge Vann's opinion. Judge Cullen concurred in a separate memorandum, stating that the decision must be regarded as overruling *Bouton* v. *Welch, supra,* and con-

cluding (p. 125): " I think it but fair to the profession that under such circumstances we should expressly retract the *Bouton* case, *supra,* not seek to distinguish it or leave it as a false light to deceive the unwary." Three other judges dissented.

I cannot subscribe to the logic of the dictum that, because the consideration was furnished by the witness, the beneficiary derives his title or interest " from, through or under " the witness, opposed as it is to the precise and convincing reasoning of the *Bouton* and the *Healy Cases, supra.* My conclusion that I should follow these earlier authorities instead of the dictum in the *Rosseau Case, supra,* is fortified by the language of the Court of Appeals in *Ward* v. *New York Life Ins. Co.,* 225 N. Y. 314, concerning the meaning of the words " a person deriving his title or interest from, through or under a deceased person " which occurs in the latter part of the section. Judge Hiscock writes (p. 319): " The great body of authority makes it plain, by inference at least, that when section 829 speaks of deriving title or interest from, through or under a deceased person it contemplates property or an interest which belonged to the deceased in his lifetime and the title to which has passed by assignment or otherwise through him to the party who is protected by the section."

By analogy the earlier phrase should be similarly defined as requiring a real transfer of interest from the witness to the beneficiary. There is no such transfer here.

In view of the *Ward* case, of the cogency of the reasoning in *Bouton* v. *Welch* and *Healy* v. *Healy, supra,* of the division of the court in *Rosseau* v. *Rouss,* and of the fact that its confusing language was dictum out of harmony with an otherwise consistent chain of authority, I feel justified, even as a judge of first instance, in adopting the sound principle of the earlier *Bouton* and *Healy* cases. The mere fact that the witness furnishes the consideration does not make him the source from which the beneficiary derives any title or interest. The right asserted for the beneficiaries is to enforce directly against the decedent's estate an obligation assumed by the decedent directly for their benefit.

Though administrator's counsel has not briefed the point, he has urged in oral argument that the jury's finding is against the weight of evidence, emphasizing particularly two letters written by the plaintiff to his father, which might be interpreted to refer to the crucial conversation as the tentative discussion of a plan rather than the making of an actual contract. While these letters fall short of the assertion of a legal right, the facts that they were written by a son to father and that they certainly do not negative the existence of a contract make it impossible to regard them as in

Supreme Court, December, 1923.          [Vol. 121

any sense conclusive against the plaintiff. The administrator's contention that relations between father and children were strained on November 10, 1914, is not borne out by the evidence. Mrs. Croker's own testimony was that after the contract was claimed to have been made father and children had an affectionate discussion as to whether the children, in view of their mother's recent death, could appropriately and with good taste attend the decedent's second marriage. Against these and other circumstances urged by the administrator there is the testimony of Mr. Warren McConihe, an attorney, of persuasive admissions made by the decedent, not at all casual in character, but having relation to Mr. McConihe's service as attorney in the administration of the estate of decedent's first wife. There is also support for the plaintiff in the testimony of more casual admissions made to the witness O'Brien. The issue was squarely one for a jury and I find nothing in the record which would justify attribution of the jury's action to passion or prejudice.

My power to set aside the jury's answer to a question under framed issues is denied by the plaintiff and the successful defendants. I do not consider this question because of my conclusions that the ruling complained of was correct, that the finding was not against the weight of evidence and that the answer of the jury should, therefore, be permitted to stand. Motion denied.

Ordered accordingly.