Frank A. Gulotta, J.
Plaintiff, as the third-party beneficiary of an alleged oral agreement between her mother and father, seeks to impress a trust upon property left by her father upon his demise.
She claims that prior to the institution of a divorce action by her mother against her father in 1924, the parents entered into an arrangement whereby the mother waived all right of support for herself and plaintiff in consideration for which the father agreed that upon his death he would leave one half of his estate to the plaintiff. Instead, by will which has been duly admitted to probate, the father devised and bequeathed all his property to defendant, his second wife. Therefore, this action.
Besides a general denial, the defendant has invoked the Statute of Frauds, contending that any agreement such as claimed by plaintiff must be in writing (Real Property Law, § 259-a; Personal Property Law, § 31, subd. 7; both enacted in 1933). The decedent’s estate consists of both real and personal property and therefore the applicability of each section must be considered. The Real Property enactment is merely a restatement of the law as it existed prior to the 1924 agreement. There has been a Statute of Frauds forbidding the creation of an interest in real property by oral agreement since early times. (Matter of Buehler, 186 Misc. 306, affd. 272 App. Div. 757.) The statute is therefore a bar to any recovery insofar as the real property is concerned. However, the Personal Property section is new and therefore ineffective to nullify an agreement made many years prior to its passage, since to do so would be an unconstitutional interference with the obligation of contract. (Wahl v. Seyfried, 25 N. Y. S. 2d 653, affd. 260 App. Div. 933, affd. 285 N. Y. 820.) Since this claim is not barred by the Statute of Frauds it becomes necessary to consider a second question, the competency of the testimony of plaintiff’s mother to prove the agreement.
*1044 This case must stand or fall on the testimony of the mother, because with the exception of negligible small items of proof, of little relevance or probative value, the mother is the only one to tell us of the existence of this alleged agreement.
Section 347 of the Civil Practice Act would appear to be a barrier to such testimony. It provides in general that no person may testify to a personal transaction with a deceased person if he (she) is “ interested in the event ”, nor may she testify in behalf of a party who derives her interest through her ‘ ‘ by assignment or otherwise ’ \
This phrase 11 interested in the event” has received a very precise interpretation in the cases and its seems reasonably clear to me that it does not disqualify a person in the mother’s situation. It does not mean an interest in the result in the sense that she is solicitous that her daughter recover, but rather that she individually will gain by the direct legal operation and effect of the judgment or that the judgment will be legal evidence for her in some other action. It must be a present, certain and vested interest, and not something uncertain, remote or contingent. (Hobart v. Hobart, 62 N. Y. 80; Connelly v. O’Connor, 117 N. Y. 91.) Thus the remote possibility that she could be a distributee of her daughter’s estate is not sufficient to disqualify her.
In a case very much like this one, Rosseau v. Rouss (180 N. Y. 116) which was an action brought by a child against his father’s estate, it was intimated in the majority opinion that the mother of a child born out of wedlock who testified to an oral agreement made with the putative father to settle $100,000 on the child on a certain day, in consideration of the mother’s keeping the child in New York City, was a person “ interested in the event”. However, the majority of the court did not concur in this part of the opinion, but only in the second ground, to wit, that the third-party beneficiary of a contract, i.e., the son, derived his interest from the promisee (his mother) within the meaning of section 347.
The court in the concurring and in effect the majority opinion, called specific attention to the earlier case of Bouton v. Welch (170 N. Y. 554), where the holding had been to the contrary, allowing a husband to testify for his wife in her action against the estate of the promisor although he had made the contract for her benefit. The court stated the cases were indistinguishable and overruled the Bouton decision, thus clearly holding that section 347 applies to third-party beneficiary contract cases.
More recently the Court of Appeals in Duncan v. Clarke (308 N. Y. 282) has had occasion to consider both these questions in *1045 an action by a child to recover support from the estate of the father on a promise made to a grandmother for the plaintiff’s benefit. It was held that the mother of the child could testify because while she was interested in the outcome, she was not interested in the “ event It was also held, however, that the grandmother could not testify since it was through her that the child derived her rights.
This latter holding is decisive of the issues in this case.
Aside from the mother’s testimony there is nothing to prove the promise alleged. The inferences sought to be drawn from two letters offered in evidence and the equivocal testimony of the plaintiff’s husband is far from persuasive and falls far short of spelling out the agreement on which plaintiff relies.
There is also proof that deceased’s second wife, to whom the deceased devised his property, worked hard to help him acquire it.
The evidence in this type of case should be appraised with great caution. Any such oral agreement must rest upon the clearest and most convincing evidence, lest the wise and salutary purpose of section 347 be frustrated.
In the light of all the facts and circumstances judgment is granted defendant dismissing plaintiff’s complaint.